**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LAUREN MCDONALD,**

    **Plaintiff,**

  v.                                      **Civil Action 2:17-cv-251
Judge George C. Smith
Magistrate Judge Jolson**

**MOUNT CARMEL COLLEGE OF NURSING,**

    **Defendant.**

## OPINION AND ORDER
## AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 28). For the reasons that follow, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**. As a result, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment and Plaintiff's Motion to Remand (Docs. 22, 27) be **DENIED as moot**.

### I.    PROCEDURAL HISTORY

Plaintiff Lauren McDonald, a former nursing student at Defendant Mount Carmel College of Nursing ("Mount Carmel"), brought this lawsuit on March 6, 2017 after Mount Caramel dismissed her from its nursing program. (Doc. 5). Plaintiff's original complaint, in pertinent part, sought declaratory relief, with respect to twelve different matters, including alleged violations of the Family Educational Rights and Privacy Act ("FERPA"). (*Id.*).

On March 29, 2017, Defendant removed this case to federal court. (Doc. 1). Plaintiff, through her previous counsel, then filed an amended complaint, adding claims for declaratory judgment under the Declaratory Judgment Act and Rule 57 of the Federal Rules of Civil Procedure.

(Doc. 16) ("First Amended Complaint"). On April 11, 2018, Plaintiff's attorneys withdrew their representation of Plaintiff in this matter. (Doc. 20). Discovery proceeded. Then, on June 11, 2018, Defendant—despite having previously removed this case to federal court—filed a summary judgment motion, alleging that Plaintiff's claims fail for want of federal question jurisdiction. (Doc. 22). Specifically, Defendant contends that Plaintiff's First Amended Complaint fails to allege any federal cause of action other than the Declaratory Judgment Act and FERPA, neither of which, according to Defendant, creates an independent cause of action. (*See generally id.*). In short, Defendant removed and then argued that this Court lacks jurisdiction.

Plaintiff's choices in this litigation are similarly inconsistent. On August 31, 2018, Plaintiff filed both a Motion to Remand to State Court (Doc. 27), and a Motion for Leave to File a Second Amended Complaint (Doc. 28). Plaintiff's Motion to Remand requests a remand to state court should this Court decide it does not have jurisdiction. (Doc. 27 at 2). But Plaintiff's Motion for Leave to Amend, filed on the same day as its Motion to Remand, seeks to remain in federal court by way of filing a Second Amended Complaint eliminating her previous requests for declaratory relief and adding various federal claims, including a claim for discrimination under the Americans with Disabilities Act (the "ADA") and related claims for retaliation. (Doc. 28).

The parties' subsequent briefing fails to clarify their positions, as each side presents arguments that seemingly contradict their previous assertions. For example, Plaintiff responded to Defendant's summary judgment motion, arguing that the claims set out in her First Amended Complaint were "broad enough to encompass multiple theories of recovery," including federal causes of action. (*See generally* Doc. 29). But in seeking remand, Plaintiff argues that returning to state court is appropriate "to the extent the Court determines it has no subject matter jurisdiction[.]" (Doc. 34 at 1). Similarly, Defendant supports it summary judgment motion,

asserting that Plaintiff's First Amended Complaint fails to articulate a federal cause of action (Doc. 30), while, at the same time, arguing that Plaintiff should not be able to amend her complaint to add federal claims (Doc. 32), nor should Plaintiff be permitted to try her claims in state court (Doc. 31).

As explained below, the Court finds that the best, although not perfect, option under these circumstances is to grant Plaintiff leave to file a Second Amended Complaint.

**II.     STANDARD**

Two federal rules govern Plaintiff's Motion for Leave to Amend. Rule 15(a)(2) provides, in pertinent part, that "[t]he court should freely give leave [to amend] where justice so requires." Fed. R. Civ. P. 15(a)(2). This rule encompasses a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. David*, 371 U.S. 178, 182 (1962).

However, "[o]nce a scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Rule 16, in other words, prescribes the time by which any motion for leave to amend must

3

be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions." *Cooke v. AT&T Corp.*, No. 2:05-cv-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007).

Here, the preliminary pretrial order set an August 10, 2017 deadline for seeking leave to amend the pleadings. (Doc. 10). Because that date has long passed, Plaintiff must show good cause under Rule 16(b) for failing to seek leave sooner, and this Court evaluates any potential prejudice if amendment is allowed. *Leary*, 349 F.3d at 909.

### III. DISCUSSION

Before addressing the two standards governing Plaintiff's Motion for Leave to Amend, the Court first emphasizes the importance of judicial economy. In reviewing this matter's procedural history, the risk that this case could resort to a game of jurisdictional ping pong—bouncing back and forth between state and federal court—is apparent. This matter originated in state court; Defendant removed the case to federal court and then argued that there is no federal jurisdiction; next, Plaintiff moved to amend her pleadings to add federal claims, but, in the alternative, asked the Court to remand the case back to state court. This history shows that, if this case returns to state court, Plaintiff could seek to raise the same federal claims she now asserts in her proposed Second Amended Complaint. Defendant then could remove, and the case could bounce back to federal court once again. As in any case, this Court seeks to conserve judicial resources and, accordingly, fashions a remedy in line with its interest in having the case tried on its merits. *See, e.g.*, *Kentucky Mist Moonshine, Inc. v. Univ. of Kentucky*, 192 F. Supp. 3d 772, 790 (E.D. Ky. 2016) (holding that "remand would not be in the interest of judicial economy because this case has been pending in some way for over six months; it was originally filed in federal court; and the claims are largely federal in nature") (citing *Landenfeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (noting that a district court, when deciding whether to retain jurisdiction,

4

"should consider the interests of judicial economy and the avoidance of multiplicity of litigation . . . .")).

The Court now turns to the "good cause" inquiry under Rule 16(b). Defendant argues that Plaintiff fails the standard because the new causes of action rest largely on the same set of facts already set forth in Plaintiff's previous pleadings. (Doc. 32 at 6). Defendant contends that "[w]here the new claims are based on facts previously known and would require reopening of discovery months after it closed, the Court should find that there is no good cause to support amendment and modification of the scheduling order." (*Id.*). Plaintiff responds that her "current counsel was not part of this litigation until July 13, 2018, and, thus, could not have advised Plaintiff of the necessity to amend her complaint so as to clarify the claims before this Court" and that she "was aware only of the nucleus of facts underlying the claims contained in the proposed Second Amended Complaint, not the proper legal theories to associate with those facts." (Doc. 33 at 2–3).

Under these circumstances, the Court finds that Plaintiff did not delay these proceedings purposefully. Moreover, the delay in filing the Motion for Leave to Amend was not undue. Defendant suggests that Plaintiff somehow purposefully delayed amendment and waited until "the eleventh hour" to introduce her new claims. (*Id*. at 8). The Court is not persuaded. To start, the Court ponders how Plaintiff could have anticipated Defendant's jurisdictional argument. Defendant, despite having had the opportunity to do so, did not alert Plaintiff or this Court its intent to challenge jurisdiction. Indeed, in their Rule 26(f) Report, the parties' represented that there were no contested issues of venue or jurisdiction. (Doc. 9 at 2). Accordingly, the Court finds that Plaintiff was not on notice regarding any jurisdictional issue, and, instead, was justifiably focused on the merits of this case.

Further, parties' briefing demonstrates that they interpret the pleadings differently, and, as a result, are speaking past one another. For instance, Plaintiff alleges that the claims set forth in her proposed Second Amended Complaint have "always existed" and were broad enough to contemplate the same federal causes of action she now seeks to specifically enumerate in her amended complaint. (*See* Doc. 33 at 4). In contrast, Defendant reads the proposed amendment as containing entirely new claims—despite acknowledging that such claims are predicated on the same set of facts. (*See* Doc. 32 at 10–11). While she certainly could have articulated her claims in her previous pleadings more clearly, Plaintiff—relying on the advice of her prior counsel—sought to litigate the case on the merits and believed the allegations in her complaint were sufficient to do so. As Plaintiff notes, she only need ensure that her pleading contains "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Given the parties' opposing interpretations of the pleadings, the best option at this juncture is to allow Plaintiff to try this case on its merits in federal court.

Moreover, shortly after Defendant moved for summary judgment, Plaintiff filed a pro se letter seeking a sixty-day extension in order to obtain counsel. (Doc. 23). Defendant did not oppose the motion and the Court allowed Plaintiff additional time to obtain counsel (Doc. 24), which Plaintiff did shortly thereafter (Docs. 25, 26). With the guidance of her new counsel, Plaintiff now seeks to add multiple causes of action under federal law. Accordingly, in light of the above, the Court finds that "despite [her] diligence [Plaintiff] could not meet the original deadline." *Leary*, 349 F.3d at 907. The Court therefore finds that Plaintiff has established good cause under Rule 16(b).

Turning next to Rule 15(a), the Court finds that Plaintiff has satisfied this standard as well. In doing so, the Court considers Defendant's contentions that Plaintiff's Motion for Leave to Amend is unduly delayed and that the delay is prejudicial. (Doc. 32).

First, Defendant alleges that Plaintiff's "undue delay and dilatory motive" weigh in favor of denying leave to amend. (*Id*. at 6). "Delay by itself, 'does not justify denial of leave to amend.'" *Towne Auto Sales, LLC v. Tobsal Corp.*, No. 1:16-cv-2739, 2017 WL 1738405, at *3 (N.D. Ohio May 4, 2017) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). The Sixth Circuit has also noted that "another round of motion practice . . . does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801. Here, Defendant does not specifically articulate how Plaintiff's actions were dilatory; instead, Defendant alleges that Plaintiff "has offered no explanation for waiting seventeen months" to amend, considering that the new claims rely on the same factual basis. (Doc. 32 at 7). Defendant also contends that Plaintiff's failure to raise the new claims in her previous amendment weighs against granting leave to amend. (*Id*. at 8). The Court does not find—nor does Defendant offer evidence to the contrary—that Plaintiff has dilatory motives. And Plaintiff does set forth a reason for her delay: "she was represented by different counsel in the first iterations of her complaint and a motion for summary judgment was already pending against her prior to the undersigned's involvement in this case." (Doc. 33 at 5). The Court finds Plaintiff's explanation reasonable, especially considering that Plaintiff could not have anticipated that Defendant would challenge federal jurisdiction after removing the case to federal court.

Second, Defendant asserts that it would suffer undue prejudice if Plaintiff is permitted to amend her complaint. (Doc. 32 at 9–12). More specifically, it alleges that it "has already spent a significant amount of time and resources in discovery," that "the amendment would cause it to

7

have to duplicate its efforts," and that amendment should not be permitted with a dispositive motion pending on the docket. (*Id*. at 10). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 668 (6th Cir. 1994).

The parties agree that Plaintiff's "new" claims are predicated on the same set of facts as Plaintiff's previous pleadings. (*See, e.g.*, Doc. 32 at 10; Doc. 33 at 7). The Court is therefore mindful of Defendant's concern that amendment would force Defendant to "duplicate its [discovery] efforts." (Doc. 32 at 10). Consequently, the Court, in allowing Plaintiff to amend her complaint, does not grant Plaintiff a fresh start. Rather, the parties shall have 90 days to pursue discovery and are expected to rely on the previously conducted discovery. Said differently, the parties may, during a restricted period of time, take limited discovery related only to the new claims set forth in Plaintiff's Second Amended Complaint. Plaintiff may not start this case anew. This remedy will alleviate the prejudice suffered by Defendant, as Defendant will not be forced "to expend significant additional resources," nor will amendment, under the Court's directives, "significantly delay the resolution of the dispute." *See Phelps*, 30 F.3d at 668.

In sum, and with a particular focus on judicial economy, this Court concludes that the best course forward is to allow Plaintiff to amend.

IV. **CONCLUSION**

For these reasons, Plaintiff's Motion for Leave to Amend (Doc. 28) is **GRANTED**. It is further **RECOMMENDED** that Defendant's Motion for Summary Judgment and Plaintiff's Motion to Remand (Docs. 22, 27) be **DENIED as moot.** The parties are afforded an additional

90 days to pursue discovery, until January 30, 2019, and any dispositive motion must be filed by March 1, 2019. Further, the parties are **DIRECTED** to meet and confer regarding whether they would find mediation of this matter mutually beneficial, and to notify the Court within ten days of this Order should the parties choose to pursue this option. Finally, the Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint that is attached to Plaintiff's Motion for Leave to File Second Amended Complaint. (*See* Doc. 28 at 9).

IT IS SO ORDERED.

Date: November 1, 2018   /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE